# In the United States Court of Federal Claims

No. 14-437C
(Filed: November 7, 2016)*
**\*Opinion originally filed under seal on October 28, 2016**

| | | |
|---|---|---|
| TWANYA L. BRASS, | ) | |
| | ) | |
| Plaintiff, | ) | Equal Access to Justice Act, 28 U.S.C. |
| | ) | § 2412; Supplemental Motion for |
| v. | ) | Attorneys' Fees and Costs; Timeliness; |
| | ) | RCFC 54(d); Reasonable Attorneys' |
| THE UNITED STATES, | ) | Fees |
| | ) | |
| Defendant. | ) | |
| | ) | |

*Barton F. Stichman*, Washington, DC, for plaintiff.  *David Sonenshine*, Washington, DC, of counsel.

*William P. Rayel*, Commercial Litigation Branch, Civil Division, United States Department of Justice, with whom were *Benjamin C. Mizer*, Principal Deputy Assistant Attorney General, *Robert E. Kirschman, Jr.*, Director, and *Reginald T. Blades, Jr.*, Assistant Director, for defendant.  *LCDR Steven Gonzales*, General Litigation Division, Office of the Judge Advocate General, United States Navy, Washington, DC, of counsel.

## OPINION ON PLAINTIFF'S SUPPLEMENTAL APPLICATION FOR AWARD OF ATTORNEYS' FEES AND EXPENSES

**FIRESTONE**, *Senior Judge*.

Pending before the court is a supplemental motion for attorneys' fees and costs filed by plaintiff Twanya L. Brass ("Ms. Brass"), a Navy veteran, pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) ("EAJA").  Ms. Brass seeks $8,745.51 in fees and $4,310.00 in expenses for the work associated with her partially successful initial application for EAJA fees and costs, *see Brass v. United States*, 127 Fed. Cl. 505 (2016)

("*Brass II*"), and $5,174.74 in fees for the work performed preparing this supplemental request, for a total supplemental award of $18,230.25.

The Federal Circuit has found that "a prevailing party in a veterans case is entitled to an award of fees not only for hours devoted to the underlying merits litigation, but also for attorney time reasonably expended defending an initial EAJA application." *Wagner v. Shinseki*, 640 F.3d 1255, 1259 (Fed. Cir. 2011) ("*Wagner I*") (citing *Comm'r, Immigration & Naturalization Serv. v. Jean*, 496 U.S. 154, 161-62 (1990); *Fritz v. Principi*, 264 F.3d 1372, 1377 (Fed. Cir. 2001)). A party is entitled to reasonable fees associated with an EAJA application to the extent she "successfully defends [her] original fee application." *Id.* at 1259-60 (citing *Fritz*, 264 F.3d at 1377).

Defendant the United States ("the government") argues that the court should deny Ms. Brass's supplemental motion for attorneys' fees and costs on the grounds that the motion is untimely under Rule 54(d)(2)(B)(i) of the Rules of the United States Court of Federal Claims ("RCFC"). RCFC 54(d) states in relevant part that "[u]nless a statute or a court order provides otherwise, the motion [for attorneys' fees and costs] must . . . be filed within 30 days after the date of final judgment, as defined in 28 U.S.C. § 2412(d)(2)(G)."[1] The government contends that under RCFC 54(d), Ms. Brass had to seek fees and costs for work on her EAJA application within 30 days of the date of the final judgment on the merits of her case. The government asserts that the court's

---

[1] The EAJA defines the term "final judgment" as "a judgment that is final and not appealable, and includes an order of settlement." 28 U.S.C. § 2412(d)(2)(G).

judgment became final and not appealable on November 24, 2015 and therefore Ms. Brass could not seek attorneys' fees and expenses after December 24, 2015.  Because the supplemental fee application was filed more than 30 days after the date of the final judgment, the government argues it is untimely under RCFC 54(d).  The government also argues that even if Ms. Brass's supplemental motion is timely under RCFC 54(d), the court should nonetheless deny the supplemental fees and cost request on the grounds that Ms. Brass unreasonably delayed filing her supplemental EAJA application by waiting five weeks after the court ruled on her initial EAJA application.

Finally, the government argues that if the court accepts the application as timely, the court should reject the fees and costs Ms. Brass seeks in connection with establishing her financial eligibility for fees and costs under the EAJA.  This includes $572.85 for attorneys' fees and $4,310.00 for costs incurred in preparing a financial statement.  The government also challenges the reasonableness of $324.61 for attorneys' fees related to the preparation of a declaration regarding Ms. Brass's fee arrangement.  The government has not challenged the reasonableness of any of Ms. Brass's other requested fees or costs, including the fees for the preparation of Ms. Brass's supplemental motion.[2]

---

[2] With regard to the reasonableness of $324.61 for 1.7 hours of attorney time, at $190.95 per hour, related to the preparation of a declaration regarding Ms. Brass's fee arrangement, Ms. Brass has not disputed that compensation for those hours would be unreasonable.  Therefore, this portion of Ms. Brass's supplemental request is **DENIED**.

## I.      FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The facts of this case are set out in *Brass v. United States*, 120 Fed. Cl. 157 (2015) ("*Brass I*"), and *Brass II*, 127 Fed. Cl. at 505, and will not be repeated here.  With regard to fees and costs, on July 22, 2016, the court granted in part and denied in part Ms. Brass's initial EAJA application because, after reviewing the time sheets provided, the court found that the multiple attorneys who worked on the case failed to set out their distinct contributions and the hours appeared to be excessive and redundant.  *See Brass II*, 127 Fed. Cl. at 513.  The court ordered the parties to submit a proposed final judgment consistent with the court's opinion by August 31, 2016.  *Id.* at 515.

On August 30, 2016, approximately five weeks after the court issued its opinion on Ms. Brass's initial EAJA application, Ms. Brass filed the pending supplemental motion for attorneys' fees and costs (ECF No. 49).[3]  The government filed its response to Ms. Brass's supplemental motion on September 16, 2016 (ECF No. 52) and Ms. Brass filed her reply in support of the motion on September 26, 2016 (ECF No. 53).  The court finds that oral argument is not necessary.

## II.     DISCUSSION

### A.      Ms. Brass's Motion for Supplemental Attorneys' Fees and Costs is Timely.

Contrary to the government's contentions, the court finds that RCFC 54(d)(2)(B)(i) does not require a party to file a supplemental motion for attorneys' fees

---

[3] On August 31, 2016, the parties separately filed proposed final judgments and stated that they disagreed on the relationship between the proposed final judgment and Ms. Brass's supplemental motion for attorneys' fees and costs (ECF Nos. 50, 51).

and costs, i.e., the motion for fees and costs associated with litigating an EAJA petition, within 30 days of the date the court's judgment on the merits becomes final and not appealable.  The Federal Circuit found in *Wagner v. Shinseki*, 733 F.3d 1343, 1348 (Fed. Cir. 2013) ("*Wagner II*"), with regard to a supplemental EAJA fee application before the United States Court of Appeals for Veterans Claims ("the Veterans Court"), that the EAJA only contemplates a deadline for an initial fee application.  The Federal Circuit stated that "[o]nce an initial fee application is filed within 30 days of the merits judgment, the timing rule of section 2412(d)(1)(B) is satisfied, and as to supplemental applications, 'Congress envisioned only one strict requirement in EAJA fee cases, namely that the court and the Government be put on notice that the claimant seeks fees under the EAJA.'"  *Id.* (quoting *United States v. Eleven Vehicles*, 200 F.3d 203, 209 (3d Cir. 2000)).  The Federal Circuit noted that "[f]or a supplemental application [for attorneys' fees and costs], the tribunal's procedural rules as well as equitable considerations may apply to the time of filing, but section 2412(d)(1)(B) does not." *Id.* (citing *Eleven Vehicles*, 200 F.3d at 209-10).  The court finds that like 28 U.S.C. § 2412(d)(1)(B), RCFC 54(d) does not specify a time limitation for filing a supplemental motion for attorneys' fees and costs pursuant to the EAJA.  As such, Ms. Brass has met the requirements of RCFC 54(d) by filing a timely initial EAJA application.  The court notes that in contrast to RCFC 54(d) there are courts with rules that limit the time for filing supplemental EAJA applications.  For example, Rule 39(b) of the Veterans Court provides a specific deadline for a party to file a supplemental EAJA fee application; it provides in relevant part that a party whose initial EAJA application "has been granted in

whole or in part may, not later than 20 days after the Court action granting such application, file a supplemental application for attorney fees and other expenses in connection with the defense of such application."  RCFC 54(d) does not contain a similar time limitation and the court will not read one into the rule.

The court also finds, contrary to the government's contentions, that Ms. Brass did not unreasonably delay filing her supplemental motion for attorneys' fees and costs by waiting five weeks after the initial fee award to file her request.  Other courts have found that a supplemental motion filed up to three months after the initial award of fees was reasonable.  *See Eleven Vehicles*, 200 F.3d at 210, 210 n.8 (finding that the district court did not abuse its discretion by granting a supplemental motion for attorneys' fees filed three months after the initial award of attorneys' fees where the government was on notice earlier in the litigation and it did "not appear that the Government was in any way prejudiced by the . . . delay").  Here, the government should have understood that Ms. Brass would seek all of the fees and costs she would be entitled to under the EAJA and the government has not provided any evidence that it has been prejudiced by the delay. Accordingly, the court will proceed to consider the merits of Ms. Brass's supplemental fee and cost application.

**B.      Ms. Brass is Entitled to Attorneys' Fees and Costs Associated with the Preparation of Her Financial Statement.**

With regard to the merits of Ms. Brass's supplemental motion for attorneys' fees and costs, the government's challenge focuses on the reasonableness of her request for $572.85 for three hours of attorney time and $4,310.00 in costs in connection with the

preparation of a financial statement which showed that Ms. Brass's net worth did not exceed $2,000,000 at the time the civil action was filed and thus she was eligible to obtain EAJA fees pursuant to 28 U.S.C. § 2412(d)(2)(B).  The government asserts that Ms. Brass did not need to prepare a formal financial statement to comply with the requirement for a party seeking EAJA fees and costs to document his or her net worth.

Ms. Brass argues that the preparation of a financial statement was reasonable because the government had argued, in response to her initial application for attorneys' fees and costs, that an affidavit or declaration regarding her net worth would not have been sufficient to demonstrate that she was eligible to obtain EAJA fees.  *See Doe v. United States*, 54 Fed. Cl. 337, 342 (2002) (requiring "supporting documentary evidence" to establish eligibility for EAJA fees (quoting *Fields v. United States*, 29 Fed. Cl. 376, 382 (1993))).  Ms. Brass has provided a declaration from Ian Shulman, the certified public accountant who reviewed Ms. Brass's financial statement.  Pl.'s Reply Ex. A at ¶ 2.  Mr. Shulman states in his declaration that Ms. Brass's "statement of financial condition" was "substantially less in scope and costs" than an "audited financial statement" would have been.  *Id.*  Moreover, Mr. Shulman states that "[a]nything less than a reviewed statement of financial condition would not have provided the assurance necessary to demonstrate the net worth of Ms. Brass."  *Id.* at ¶ 3.

The court agrees with Ms. Brass that the requested fees and costs for the preparation and review of her financial statement are reasonable. While in some other cases involving veterans the government has been satisfied with sworn declarations from individual parties that their net worth is $2 million or less, *see Sabo v. United States*, 127

Fed. Cl. 606, 622 (2016); *Martinez v. United States*, 94 Fed. Cl. 176, 181 (2010), that was not true here.  In this case, the government specifically demanded additional "evidence" of Ms. Brass's net worth.  The government stated that a "conclusory affidavit without supporting evidence" is insufficient because an EAJA applicant "must present sufficient evidence so that his or her net worth may be ascertained and verified by the court." Def.'s Resp. to Pl.'s Initial EAJA Appl. 10 (quoting *Fields*, 29 Fed. Cl. at 382, and also citing *Doe*, 54 Fed. Cl. at 342).  In response to the government's demand, Ms. Brass provided evidence of her net worth in the form of a statement of financial condition, which she states was the minimum amount of evidence necessary to prove her eligibility for EAJA fees and was lower in cost than an audited financial statement.  The government asserts that "Ms. Brass could have easily demonstrated that her net worth falls well below $2 million" but the government does not identify what other evidence it would have considered sufficient.  Def.'s Resp. to Pl.'s Suppl. EAJA Appl. 7.  In these circumstances, the court finds that Ms. Brass's preparation of a statement of financial condition was reasonable and therefore she may recover the associated fees and costs pursuant to the EAJA.

## III.   CONCLUSION

For the reasons above, Ms. Brass's supplemental motion for attorneys' fees and costs pursuant to the EAJA is **GRANTED** in the amount of $17,905.64.  This amount will be added to the sum of $55,973.86 the court previously awarded in *Brass II*, 127 Fed. Cl. at 515.  Final judgment shall be entered as follows:

Pursuant to the court's opinions and orders filed July 22, 2016 and October 28, 2016, it was held that plaintiff is entitled to receive attorneys' fees and expenses pursuant to 28 U.S.C. § 2412(d).

It is ordered and adjudged on this date, pursuant to Rule 58 of the Rules of the United States Court of Federal Claims, that plaintiff is awarded attorneys' fees and expenses in the amount of $73,879.50.  Said sum shall be paid by the subject agency as provided for in 28 U.S.C. § 2412(d).

**IT IS SO ORDERED.**

s/Nancy B. Firestone
NANCY B. FIRESTONE
Senior Judge